UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ADMINTERMARE, A DIVISION OF ADM INTERNATIONAL, SARL,<br><br>Plaintiff,<br><br>vs.<br><br>KAMCA TRADING SA; and GLENCORE LTD.,<br><br>Defendants. | C.A. NO. 4:19-cv-02238<br><br>Admiralty 9(h) |

## GLENCORE LTD.'S OPPOSITION
## TO PLAINTIFF'S MOTION TO TRANSFER VENUE

Glencore Ltd. ("Glencore") respectfully submits this opposition to the motion of ADMIntermare ("Plaintiff") to transfer venue to the United States District Court for the Southern District of New York ("Venue Motion"; ECF No. 25).  For the reasons set forth herein, as well as Glencore's Motion to Dismiss ("Motion to Dismiss" or "MTD"; ECF No. 14) the First Amended Complaint ("FAC"; ECF No. 10), and Reply in further support thereof (filed contemporaneously), the Court should deny the Venue Motion as to Glencore.

### NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff filed this case nearly five months ago, and made a second decision to file its FAC in this Court, without performing a reasonable inquiry into whether Glencore is subject to personal jurisdiction here.  Plaintiff now claims that "it did not occur to Plaintiff's counsel"[1]

---

[1]   Venue Motion at 2.

1

that jurisdiction would be challenged in this Court, even though neither the Complaint nor the FAC contains a single, non-conclusory fact to support personal jurisdiction in Texas.

Plaintiff and its counsel also apparently failed to perform a reasonable inquiry into whether its claims against Glencore are viable, given that each cause of action is barred under U.S. maritime law pursuant to Supreme Court and Fifth Circuit precedent going back to 1927. Those authorities were fully briefed by Glencore in support of its Motion to Dismiss, and *Plaintiff has no answer to them*. Plaintiff therefore should have withdrawn the FAC. Instead, Plaintiff is asking the Court to ignore that its claims have no chance of success, and to transfer a meritless case to the Southern District of New York. The Court should decline to do so.

This case is at the pleading stage and subject to dismissal as to Glencore for lack of personal jurisdiction, and failure to state a claim. Glencore's Motion to Dismiss, Plaintiff's Response thereto (ECF No. 25), and Glencore's Reply have been briefed in accordance with this Court's scheduling order (ECF No. 22), and decision on that motion is pending.

## STATEMENT OF ISSUES, STANDARD OF REVIEW, AND SUMMARY OF ARGUMENT

Transfer under 28 U.S.C. §§ 1404, 1406 or 1631 is appropriate only if it would further the "interest of justice." "[T]he Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy." *Dominguez-Mijares v. United States*, No. CIV.A. L-10-69, 2010 WL 2635546, at *2 (S.D. Tex. June 21, 2010) (citing *Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13 (5th Cir. 1989)).

On a motion to transfer venue, courts are authorized to review the merits of the case— even if they lack the jurisdiction to fully *adjudicate* the merits—and will refuse to transfer the case to a sister court if the complaint fails to state a claim and the asserted legal theories are

not viable. That is what should occur here. There is no justification for transferring this matter to be dealt with by another court, or to prolong this case and require Glencore to continue to incur costs defending against claims that should not have been brought in the first place. This Court has "broad discretion" to decide this motion, and its ruling "will be upheld absent an abuse of discretion." *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997).

For the reasons set forth in the Motion to Dismiss, the Court should dismiss the FAC for lack of personal jurisdiction. The Court should also review the unopposed arguments and authorities set forth in the Motion to Dismiss that demonstrate Plaintiff's claims are without merit, and in the interest of justice, deny the Venue Motion as to Glencore.

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**[2]

Plaintiff filed its Complaint in this Court on June 21, 2019, and filed its FAC on September 4, 2019. In the FAC, Plaintiff alleged that it purchased fuel oil from Kamca Trading, SA ("Kamca"), that the fuel oil failed to meet the specifications of its contract with Kamca, and that the fuel oil caused damage to a vessel (the "Vessel") under time charter by Plaintiff. (FAC ¶¶ 6, 8). Plaintiff alleged that Kamca had purchased the fuel oil from Glencore (*id.* ¶ 10), but did not (and could not) allege that Plaintiff had any dealings with Glencore, or that Glencore had any knowledge of Plaintiff's contract with Kamca, the Vessel or its fuel requirements.

The FAC asserted various causes of action against Kamca and Glencore, seeking to recover the amounts that Plaintiff may be required to pay to Nordic Bulk Carriers A/S

---

[2] The allegations of the FAC and grounds for dismissal of all claims against Glencore are only summarized here. Glencore respectfully refers the Court to its Motion to Dismiss, which is incorporated herein by reference.

("Nordic Bulk") under the charterparty between Plaintiff and Nordic Bulk, based upon Plaintiff's alleged breach of that charterparty by providing the Vessel with off-specification fuel oil. (*Id.* ¶¶ 11, 67). Nordic Bulk's claims against Plaintiff are pending in arbitration in London, England. (*Id.* ¶ 11).

On September 25, 2019, Glencore filed its Motion to Dismiss. The Motion to Dismiss and supporting Declaration of Andrew McNamara ("McNamara Decl."; ECF No. 14-1) demonstrated that Glencore is organized and exists under the laws of Switzerland, with its principal place of business located in Baar, Switzerland. (MTD at 6-8; McNamara Decl. ¶¶ 2-3). Glencore also showed that this lawsuit has no connection to Texas, and accordingly, there was no basis for this Court to exercise personal jurisdiction over Glencore. (MTD at 9-10).

The Motion to Dismiss further demonstrated that all of Plaintiff's asserted claims against Glencore are contrary to U.S. maritime law and long-established Supreme Court and Fifth Circuit precedent, and therefore fail as a matter of law. In summary:

- There is no claim for breach of warranty or misrepresentation because Glencore did not provide any warranty or representation to Plaintiff (*see* MTD at 10-12, citing, *inter alia*, *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 826 F.2d 424 (5th Cir. 1987); *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 896 F. Supp. 2d 582 (S.D. Tex. 2012));

- The negligence and product liability claims are barred by the economic loss rule, and Plaintiff as a time charterer cannot recover for alleged physical damage to the Vessel pursuant to the *Robins Dry Dock* rule (*see* MTD at 12-13, citing, *inter alia*, *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986); *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927); *Taira Lynn Marine Ltd. No. 5, LLC v. Jays Seafood, Inc. (In re Taira Lynn Marine Ltd. No. 5, LLC)*, 444 F.3d 371 (5th Cir. 2006));

4

- The claims for indemnity and contribution fail because Plaintiff's potential liability to Nordic Bulk is based in contract, not tort (*see* MTD at 13-14, citing, *inter alia*, *Hardy v. Gulf Oil Corp.*, 949 F.2d 826 (5th Cir. 1992)); and

- There is no claim for equitable subrogation because Plaintiff has not, and will never, discharge any primary debt of Glencore (*see* MTD at 14-16, citing, *inter alia*, *Am. Indem. Lloyds v. Travelers Prop. & Cas. Ins. Co.*, 335 F.3d 429, 435 (5th Cir. 2003)).

As the authorities cited in the Motion to Dismiss make clear, these grounds for dismissal are not based on technical pleading deficiencies and they cannot be cured through additional allegations. The claims are meritless because the legal theories themselves are contrary to binding precedent and therefore have no chance of success.

After being apprised of these authorities, Plaintiff should have withdrawn its claims against Glencore. Instead, Plaintiff filed a third, nearly identical complaint in the Southern District of New York. (Ex. A).³ That third pleading also has no chance of success under this precedent, and Plaintiff presumably does not intend to argue that the Supreme Court and Circuit-level authorities that bar its claims should be modified or reversed. Accordingly, Glencore has notified Plaintiff and its counsel that Glencore intends to seek sanctions and other relief pursuant to Fed. R. Civ. P. 11 if that third complaint is not withdrawn. (Ex. B).

In this case, Plaintiff filed its Response to Glencore's Motion to Dismiss on October 30, 2019. ("Response"; ECF No. 26). Although it was required to do so pursuant to this Court's scheduling order (ECF No. 22), Plaintiff did not provide any answer to the substantive defenses and binding authorities that demonstrate its claims are meritless. That is because

---

³ References to "Ex. __" refer to the exhibits to the Declaration of Peter J. Behmke in Opposition to Plaintiff's Motion to Transfer Venue, which is being submitted contemporaneously with this Opposition.

there is no answer. Instead, Plaintiff asks the Court to "not reach those substantive defenses" because it now concedes there was never any basis for personal jurisdiction over Glencore. (Response at 2). That same day, October 30, 2019, Plaintiff filed its Venue Motion (ECF No. 25), again asking the Court to not review the substance of its claims, but to instead transfer this case to the Southern District of New York. (Venue Motion at 3).

## ARGUMENT

The Venue Motion should be denied as to Glencore, because a transfer would not be "in the interest of justice" as required under 28 U.S.C. §§ 1404(a), 1406(a) and 1631.[4] The Court should not transfer a meritless case and require the transferee court or Glencore to further waste time and resources on a lawsuit that has never been viable.

I. **Plaintiff Has Failed to Meet Its Burden of Demonstrating that a Transfer of the Claims Against Glencore Would Be "In the Interest of Justice"**

The burden is on the movant to establish that a transfer of venue would be in the interest of justice. *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 629 F. Supp. 2d 759, 762 (S.D. Tex. 2009). Plaintiff makes no attempt to satisfy that burden with respect to its putative case against Glencore. In the Venue Motion, Plaintiff argues "it is in the interest of justice to transfer the case under § 1631 so that the timeliness of this action *against Kamca* is preserved in the transferee court." (Venue Motion at 4) (emphasis added). This purported justification is repeated with respect to §§ 1404(a) and 1406(a). (*Id.* at 8, 10). Putting aside whether that

---

[4] The Venue Motion also claims, incorrectly, that Glencore is subject to general personal jurisdiction in New York. (*See*, *e.g.*, Venue Motion at 5). As explained in the McNamara Declaration, Glencore is a Swiss company and is "at home," for jurisdictional purposes, in Baar, Switzerland. (McNamara Decl. ¶¶ 2, 3). Regardless, Glencore would be subject to *specific* personal jurisdiction in New York with respect to this matter and therefore Glencore does not contest that the U.S. District Court for the Southern District of New York could exercise personal jurisdiction.

is sufficient reason to transfer the case *against Kamca*, it is irrelevant to whether the lawsuit against Glencore should be transferred.

Plaintiff also asserts that transfer "will serve judicial economy" because it would "obviate any need for the Court to consider personal jurisdiction defenses," or the need for discovery into whether Glencore is subject to personal jurisdiction here. (*Id.* at 4-5). However, Glencore's personal jurisdiction defense is fully briefed and uncontested. A plaintiff is not entitled to jurisdictional discovery where, as here, it does not oppose dismissal for lack of personal jurisdiction, and the jurisdictional facts are undisputed. *See Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 672 (S.D. Tex. 2014). The Court can consider and grant Glencore's uncontested motion without further expenditure of judicial resources, and this purported reason for transfer should not be credited.

Plaintiff has thus failed to meet its burden of establishing that a transfer of the case pending against Glencore would further the interest of justice. The Venue Motion should be denied as to Glencore on that basis alone.

## II.  It Is Not "In the Interest of Justice" to Transfer Meritless Claims to Another Court

Moreover, Plaintiff could never meet its burden as to Glencore, because the claims asserted against Glencore have no chance of success. "[T]he Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy." *Dominguez-Mijares*, 2010 WL 2635546, at *2 (citing *Chandler*, 863 F.2d at 15). The Second Circuit (where Plaintiff proposes to transfer this matter) has likewise explained that, when a lawsuit is meritless, the district court "should dismiss the case rather than waste

7

the time of another court." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435-36 (2d Cir. 2005) (collecting cases).

This Court has the authority to examine the merits of the case, even though it does not have personal jurisdiction over Glencore, to determine whether a transfer would further the interest of justice. *See Dominguez-Mijares*, 2010 WL 2635546, at *2 (courts have authority, notwithstanding lack of jurisdiction, to "'take a peek' at the merits to determine whether transfer would serve the interest of justice") (citing *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003)); *see also Daniel*, 428 F.3d at 435-36 (same, where court lacks personal jurisdiction and venue is improper). As explained by Judge Posner in the leading case on this principle:

> It may seem paradoxical to suggest that a court that lacks jurisdiction over a case can examine the merits of the case. But the paradox dissolves when we remind ourselves that Congress in 28 U.S.C. § 1631 has conferred jurisdiction on federal district courts to decide whether to transfer or dismiss cases over which they lack jurisdiction to adjudicate fully. *The limited jurisdiction that has been conferred creates a power of limited review of the merits.*

*Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999) (emphasis added); *see also Daniel*, 428 F.3d at 435-36 (adopting same for transfer motion under 28 U.S.C. § 1404).

If the Court's review of the case shows that it lacks merit, and the asserted legal theories are not viable, transfer should be denied. *See Dominguez-Mijares*, 2010 WL 2635546, at *2 (denying transfer motion because "[a] 'peek' at Petitioner's claims reveals their lack of merit"); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 647 (N.D. Tex. 2007) (denying transfer motion because "Plaintiff's complaint, in large part, fails to state claims against all of the Defendants"); *Hancock v. Texas Dep't of Criminal Justice*, No. 1:12-CV-52, 2012 WL 3598264, at *1 (E.D. Tex. Feb. 29, 2012) (denying transfer motion because the "complaint

lacks an arguable basis in law"); *see also Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004) (denying transfer motion because plaintiff "so plainly fails to allege a property right to insurance that transfer would not serve the 'interest of justice'"); *Daniel*, 428 F.3d at 436 (denying transfer motion because plaintiff did not assert viable antitrust claims).

The Motion to Dismiss demonstrated that all of Plaintiff's causes of action against Glencore are contrary to U.S. maritime law and established Supreme Court and Circuit-level precedent. Plaintiff has no response, and has not suggested that any of its claims are somehow viable notwithstanding the dispositive principles of maritime law. If such an answer existed, Plaintiff was required to submit it to explain why the transfer would be in the interest of justice and not waste the transferee court's time, and to comply with this Court's scheduling order (which was not mooted by the transfer request).[5]

The Court should therefore review the Motion to Dismiss and its cited authorities in considering whether to transfer the purported claims against Glencore. All of those claims are barred, and obviously so, by unambiguous precedent. It would therefore not serve the interest of justice for this Court to pass those claims on to its sister court in the Southern District of New York and require that court to "consume judicial time and energy" on them.

Meritless claims should not be transferred.

---

[5] *See* Glencore's Reply in further support of its Motion to Dismiss at 3.

**CONCLUSION**

The Venue Motion as to Glencore should be denied.

Dated:   Houston, Texas                     Respectfully submitted,
         November 13, 2019

                                            /s/ Ivan M. Rodriguez
                                            Ivan M. Rodriguez
                                            Texas Bar No. 24058977
                                            Federal ID No. 4566982
                                            500 Dallas Street, Suite 1300
                                            Houston, Texas 77002
                                            Telephone: 713-626-1386
                                            Telecopier: 713-626-1388
                                            Email: ivan.rodriguez@phelps.com

                                            **ATTORNEY-IN-CHARGE
                                            FOR DEFENDANT
                                            GLENCORE, LTD.**

**OF COUNSEL:**

**PHELPS DUNBAR LLP**
Andrew R. Nash
Texas Bar No. 24083550
Federal ID No. 1690806
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: andy.nash@phelps.com


**HERBERT SMITH FREEHILLS
NEW YORK LLP**
Peter J. Behmke (*pro hac vice*)
New York Bar No. 4301685
Michael P. Jones (*pro hac vice*)
New York Bar No. 5106208
450 Lexington Avenue, 14th Floor
New York, NY 10017
Telephone:  917-542-7600
Email:  peter.behmke@hsf.com
             michael.jones@hsf.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, a true and correct copy of the foregoing has been filed and served upon counsel of record for all parties in accordance with the Court's ECF/CM service rules.

                                         */s/ Ivan M. Rodriguez*
                                         Ivan M. Rodriguez
                                         Texas Bar No. 24058977
                                         Federal ID No. 4566982
                                         500 Dallas Street, Suite 1300
                                         Houston, Texas 77002
                                         Telephone: 713-626-1386
                                         Telecopier: 713-626-1388
                                         Email: ivan.rodriguez@phelps.com

                                         **ATTORNEY-IN-CHARGE**
                                         **FOR DEFENDANT**
                                         **GLENCORE, LTD.**