# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ADMINTERMARE, A DIVISION OF ADM INTERNATIONAL, SARL,<br><br>                                              Plaintiff,<br><br>vs.<br><br>KAMCA TRADING SA; and GLENCORE LTD.,<br><br>                                              Defendants. | C.A. NO. 4:19-cv- 02238<br><br>**Admiralty 9(h)** |

### APPENDIX TO GLENCORE LTD.'S OPPOSITION
### TO PLAINTIFF'S MOTION TO TRANSFER VENUE

| Tab | Case | Page |
|---|---|---|
| 1. | *Dominguez-Mijares v. United States*,<br>No. CIV.A. L-10-69, 2010 WL 2635546 (S.D. Tex. June 21, 2010) | A-003 |
| 2. | *Hancock v. Texas Dep't of Criminal Justice*,<br>No. 1:12-CV-52, 2012 WL 3598264 (E.D. Tex. Feb. 29, 2012) | A-006 |

# Tab 1

2010 WL 2635546
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Texas,
Laredo Division.

Antonio DOMINGUEZ–MIJARES, Petitioner
v.
UNITED STATES of America.

Civil Action No. L–10–69.
|
Criminal Case No. L–09–16.
|
June 21, 2010.

**Attorneys and Law Firms**

Antonio Dominguez–Mijares, CA City, CA, pro se.

***OPINION & ORDER***

MICAELA ALVAREZ, District Judge.

 *1 Pending before the Court is Petitioner Antonio Dominguez Mijares' Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2255. [Civ. Dkt. No. 1]. On February 2, 2009, Petitioner plead guilty to 8 U.S.C. § 1326. He was sentenced on April 29, 2009 to 63 months of imprisonment and 3 years of supervised release. Petitioner filed a notice of appeal which was subsequently dismissed by the Court of Appeals. Thereafter, Petitioner filed this motion requesting a reduction of his sentence due to his status as a deportable alien. The Court dismisses Petitioner's claims for a reduction in time under § 2255 with prejudice, and to the extent Petitioner articulates an equal protection claim under 28 U.S.C. § 2241, dismisses this claim without prejudice.

I. DISCUSSION

Petitioner claims that because he is a deportable alien, the Court should grant a two-point downward departure in his sentence because he cannot participate in drug treatment programs and cannot be housed in a minimum security facility or community correction center. He also claims that due to his alien status, he is being denied equal protection of laws and due process.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaugh,* 955 F.2d 367, 368 (5th Cir.1992) (per curiam). Generally, § 2255 allows relief in four areas: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Petitioner's first request, for a reduction in sentence based upon a Guideline downward departure, is foreclosed by the Fifth Circuit's decisions in *United States v. Nnanna,* 7 F.3d 420 (5th Cir.1993), and *United States v. Garay,* 235 F.3d 230 (5th Cir.2000). When alien status is an inherent element of the crime, the Sentencing Commission has already factored this into the guideline sentencing range, and a district court therefore may not depart from the range on this basis. *Garay,* 235 F.3d at 233 n. 18, 234. While Petitioner's alien status does not serve as a basis for departure, Petitioner was sentenced under an advisory Guideline scheme. Thus, the Court could have and did consider Petitioner's history and characteristics, including his alienage, see 18 U.S.C. § 3553(a), but chose to sentence Petitioner within the Guidelines.

Petitioner's second claim, denial of equal protection and due process, is constitutional, and may generally be considered under 28 U.S.C. § 2255. However, Petitioner's argument-that a deportable alien serves his sentence under circumstances more severe than those facing citizens of the United States- actually concerns the execution of a sentence, and is therefore only proper under 28 U.S.C. § 2241. *Carvajal v. Tombone,* 31 Fed. App'x 155, at *1 (5th Cir.2001) (unpublished opinion) (citing *United States v. Cleto,* 956 F.2d 83, 84 (5th Cir.1992)). To construe such a claim as a § 2255 motion is reversible error. See *Carvajal,* 31 Fed. App'x 155, at *1. Motions under 28 U.S.C. § 2241 must normally be brought in the place of the Petitioner's confinement, which in this case is California City, California. Therefore, this Court appears to lack statutory jurisdiction to hear the claim.

 *2 The Court normally would transfer the case to the place of the Petitioner's confinement. See 28 U.S.C. § 1631. When a court lacks jurisdiction, § 1631 states that the court "shall,

if it is in the interest of justice, transfer such action" to the proper court. However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume judicial time and energy. *Chandler v. Commander, Army Fin. & Accounting Ctr.,* 863 F.2d 13, 15 (5th Cir.1989); *see also Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (holding that "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.,* 319 F.3d 951, 959 (7th Cir.2003) (reasoning that a court has implicit authority under § 1631 to "take a peek" at the merits when deciding whether to transfer or dismiss). The Court will therefore "take a peek" at the merits to determine whether transfer would serve the interest of justice.

Petitioner alleges that because he cannot participate in a drug treatment program, or serve a portion of his sentence in a minimum security prison or halfway house, he is being treated differently from similarly situated United States citizens. *Cf. Samaad v. City of Dallas,* 940 F.2d 925, 941 (5th Cir.1991). Because INS detainee-status is not a suspect classification, the Petitioner must show that there is no rational basis for treating him differently from similarly situated United States citizens. *Carvajal,* 31 Fed. App'x 155, at *1 (*citing Rublee v. Fleming,* 160 F.3d 213, 217 (5th Cir.1998)).

A "peek" at Petitioner's claims reveals their lack of merit. Petitioner has not alleged that denying deportable aliens either drug treatment programs, or a chance to serve time in minimum security facilities or halfway houses, lacks a rational basis. *Cf. Rublee,* 160 F.3d 213, 214, 217 (5th Cir.1998) (holding that flight risk of deportable aliens is rational basis for ineligibility for community-based programs); *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir.1998) (applying "rational basis" review of equal protection claim to have right to early release). The BOP's exclusion of INS detainees such as Petitioner from drug treatment programs, minimum security prisons, and halfway houses is therefore constitutional. Moreover, there is no constitutional right to be released before the expiration of a valid sentence. *Wottlin,* 136 F.3d at 1037. Petitioner's claim under 28 U.S.C. § 2241 lacks merit, and the Court will therefore dismiss, not transfer, this claim. See § 1631; *Chandler,* 210 F.3d at 1150.

II. ORDER

Based on the foregoing, Petitioner's Motion for Reduction of Sentence Pursuant to 28 U.S.C. § 2255 is DISMISSED with prejudice on the merits. Petitioner's equal protection claims are DISMISSED without prejudice. Should Petitioner seek one, a certificate of appealability is DENIED as to his Motion for Reduction of Sentence.

**\*3** IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2635546

---

End of Document © 2019 Thomson Reuters. No claim to original U.S. Government Works.

# Tab 2

2012 WL 3598264
Only the Westlaw citation is currently available.
United States District Court,
E.D. Texas,
Beaumont Division.

Michael Wayne HANCOCK
v.
TEXAS DEP'T OF CRIMINAL JUSTICE, et al.

Civil Action No. 1:12–CV–52.
|
Feb. 29, 2012.

**Attorneys and Law Firms**

Michael Wayne Hancock, Marlin, TX, pro se.

*REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE*

KEITH F. GIBLIN, United States Magistrate Judge.

***1** Plaintiff Michael Wayne Hancock, a prisoner confined in the Marlin Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ–CID), proceeding *pro se,* filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Director of TDCJ–CID.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

*Factual Background*

Plaintiff alleges the defendants have violated his constitutional rights by requiring him to work at the prison without being paid for his labor.

*Standard of Review*

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir.1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id.* at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id.* at 555.

*Analysis*

The Civil Rights Act, 42 U.S.C. § 1981, *et seq.,* under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey,* 58 F.R.D. 453 (N.D.Ga.1972); *aff'd per curiam,* 480 F.2d 805 (5th Cir.1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff's claims did not arise in the Eastern District of Texas, and he does not allege that any of the defendants reside in the Eastern District. Thus, the Eastern District of Texas is not the proper venue for this complaint. This court has discretion to transfer the civil action to a district where it could have been brought. 28 U.S.C. § 1404(a). In this case, it is not in the interest of justice to transfer the complaint because it is patently frivolous. Requiring inmates to work without compensation does not violate the Constitution or

constitute involuntary servitude. *Williams v. Henagan,* 595 F.3d 610, 621–22 (5th Cir.2010); *Ali v. Johnson,* 259 F.3d 317, 317–18 (5th Cir.2001); *Wendt v. Lynaugh,* 841 F.2d 619, 621 (5th Cir.1988). Accordingly, this civil rights action should be dismissed.

### *Recommendation*

**\*2** This civil right action should be dismissed.

### *Objections*

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 3598264

**End of Document**                              © 2019 Thomson Reuters. No claim to original U.S. Government Works.